UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/2/10
```

CHESTER DAVIS,

        Plaintiff,

-v-

COUNTRYWIDE HOME LOANS, *et al.*,

        Defendants.

No. 09 Civ. 8606 (RJS) (HBP)

ORDER

RICHARD J. SULLIVAN, District Judge:

    Now before the Court is Plaintiff's motion, pursuant to Federal Rule of Civil Procedure 60(b)(1) and dated August 19, 2010, requesting reconsideration of the Court's August 13, 2010 Order adopting the Report and Recommendation (the "Report") of the Honorable Henry B. Pitman, Magistrate Judge. For the reasons set forth below, the Court denies Plaintiff's motion.

I. Procedural History[1]

    On October 8, 2009, *pro se* Plaintiff Chester Davis filed a complaint alleging that Defendants committed fraud and violated numerous federal and state statutes in connection with a mortgage transaction between the parties. (Doc. No. 1.) On October 9, 2009, the Court referred the action to Magistrate Judge Pitman for general pre-trial management, non-dispositive motions, and dispositive motions. (Doc. No. 2.)

    Defendants filed a motion to dismiss the complaint, pursuant to Federal Rules of Civil Procedure 8, 10, and 12(b)(6), and to strike the complaint, pursuant to Rule 12(f), on November 24, 2009. (Doc. No. 5.) The motion became fully submitted on March 26, 2010. (Doc. No. 12.)

---

[1] Because the facts of this case are thoroughly described in the Report, the Court will not reiterate them here. (*See* Report at 2-5.)

On July 23, 2010, Magistrate Judge Pitman issued the Report recommending that Defendants' motion to dismiss pursuant to Rule 8 and Rule 10 be denied, that their motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim be granted, and that their motion to strike pursuant to Rule 12(f) be denied as moot. (Doc. No. 15.)

In the Report, Magistrate Judge Pitman advised the parties that failure to file timely objections within fourteen days from service of the Report would constitute a waiver of those objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). No party filed timely objections to the Report. Accordingly, the Court reviewed the Report for clear error and, on August 13, 2010, adopted the Report in its entirety. (Doc. No. 16.)

On August 17, 2010, the Court received a letter, dated August 10, 2010, from Plaintiff, requesting that the Court compel certain discovery from Defendants or, in the alternative, dissolve Plaintiff's mortgage and order Defendants to return $20,950.82 to him. On August 19, 2010, the Court issued an Order stating that Plaintiff's August 10 letter "cannot be construed as consisting of objections to the Report," as "[n]owhere in the letter does Plaintiff even mention the Report." (Doc. No. 18.) On the same day, Plaintiff filed a notice of motion for reconsideration, pursuant to Rule 60(b)(1) and unaccompanied by any memorandum of law, asserting that he never received the Report. (Doc. No. 19.) In response, the Court ordered Plaintiff to file a memorandum of law in support of his motion, state the objections to the Report that he would have made, and explain his reason for sending the Court the August 10 letter if it was not intended as an objection to the Report. (Doc. No. 20.) Plaintiff made a submission, dated September 21, 2010 and entitled "Memorandum of Law In Support of Motion for Reconsideration," but did not discuss his Rule 60(b)(1) motion. (Doc. No. 21.) It did, however,

2

describe his objections to the Report and his reason for sending the August 10 letter. On October 15, 2010, Defendants filed their opposition memorandum.

## II. Discussion

Rule 60(b)(1) provides that a court may relieve a party from a final judgment because of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "Rule 60(b)(1) is available for a district court to correct legal errors by the court." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quotation marks omitted).

In this case, Plaintiff's motion for reconsideration is based upon his assertion that he did not receive the Report before the Court adopted it on August 13. (Doc. No. 19.) In his affirmation attached to his August 19 motion, Plaintiff explains, "I am requesting that the order to close this case be vacated, and reopened in order for me to acquire, review, and file objections to said Report and Recommendation." (*Id.*) Because the Court ordered Plaintiff to make his objections to the Report when he filed a memorandum of law in support of his motion (Doc. No. 20), the Court has now both Plaintiff's objections and his motion before it. Rather than decide upon Plaintiff's motion first, the Court first reviews his objections as if they were properly before the Court because, if they are without merit, then Plaintiff's motion is futile.

When a party makes timely objections to a report and recommendation, the objections "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *Harden v. LaClaire*, No. 07 Civ. 4592 (LTS) (JCF), 2008 WL 4735231, at *1 (S.D.N.Y. Oct. 27, 2008). "[I]f the party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Dawson v. Phillips*, No. 03 Civ. 8632 (RJS) (THK), 2008 WL 818539, at *1 (S.D.N.Y. Mar. 25,

2008) (internal quotation marks and citation omitted). But "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *see also Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir.1989) (explaining that § 636(b)(1) "affords the district court broad latitude" in reviewing the magistrate judge's recommendation).

Plaintiff's submission contains only two specific objections. The first is that the Supreme Court's decision in *Haines v. Kerner*, 404 U.S. 519 (1972), holds that the complaints of *pro se* plaintiffs cannot "be dismissed for failure to state a claim upon which relief can be granted." (Plf's Mem. at 2.) *Haines*, however, contains no such a holding. Rather, the *Haines* Court reversed the dismissal of Plaintiff's complaint for failure to state a claim because the Court could not "say with assurance that under the allegations of the *pro se* complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 596. The Court, therefore, only ruled that the plaintiff in *Haines* was "entitled to offer proof" of his allegations. *Id.* Accordingly, Plaintiff's first objection is without merit.

Plaintiff's second specific objection to the Report is that Judge Pitman overlooked the "Legal Guidelines of the National Bank Act . . ., which are the de jure laws on Banking in the United States of America." (Plf's Mem. at 2.) Four pages of the Report, however, correctly explain why Plaintiff's complaint does not state a claim under any provision of the National Bank Act. (*See* Report at 19-23.) Accordingly, this objection is also without merit.

The remainder of Plaintiff's objections are general, conclusory, or simply restate the relief that his complaint sought. They are entitled to review for clear error only. *See Dawson*, 2008 WL 818539. The Court has reviewed them for clear error and found none. Thus, even if the Court granted Plaintiff's motion for reconsideration, the Court would not disturb its August 13 Order adopting the Report in its entirety.

### III. Conclusion

Accordingly, Plaintiff's motion for reconsideration is DENIED as futile, and the Court does not alter its adoption of the Report. However, in his submission, Plaintiff indicates his desire to amend his complaint. Because Plaintiff has not yet amended his complaint, Plaintiff may make a motion to do so. If he makes such a motion, he shall attach a proposed amended complaint to the motion. Plaintiff is reminded that an amended complaint shall not reiterate claims upon which the Court has already ruled.

The Clerk of the Court is directed to terminate the motion located at Doc. No. 19.

SO ORDERED.

Dated:     October 28, 2010
           New York, New York

                              _____
                              RICHARD J. SULLIVAN
                              UNITED STATES DISTRICT JUDGE